# Jackson *v.* Roanoke Banking Co.

### Assumpsit.

(Decided July 6, 1916.   72 South. 530.)

1. **Appeal and Error; Assignments; Defect.**—An assignment of error on the record proper is a substantial compliance with the Supreme Court rule, although it precedes the citation of appeal and the certificate.

[Jackson v. Roanoke Banking Co.]

2. **Attachment; Fraudulent Sale; Evidence.**—Where property was attached upon the claim that defendant was fraudulently disposing of it, evidence of conveyances made by him shortly after the attachment, was admissible as tending to show his intent.

3. **Charge of Court; Argumentative.**—Where the action was against the partnership, and was begun by attachment on the ground of fraudulent disposition of property, a charge asserting that if the assets of the partnership exceeded its indebtedness, one partner had as much control over its assets as the other, was not only misleading, but was argumentative.

4. **Attachment; Fraudulent Intent.**—A charge that fraud is not lightly imputed, but that it must be plainly proved, requires a too light degree of proof.

5. **Same; Instruction.**—A charge asserting that unless a ground alleged in the attachment affidavit existed, the jury should not consider conveyances made after the levy, and should find for defendant was misleading.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit action by the Roanoke Banking Company against J. H. Jackson and A. J. Langley. Judgment for plaintiff and defendant, Jackson, appeals. Affirmed.

Motion was made to dismiss because the appeal was not taken and returned to the first call of the seventh division, after the judgment was rendered, the judgment having been rendered at the February term of the court 1914, and the record was filed in this court December 20, 1915, because no proper appeal bond was filed, and no errors have been properly assigned. The errors are assigned in the record proper, and before the citation of appeal and the certificate. The facts sufficiently appear. The following charges were refused to defendant:

(1) The court instructs the jury that if you believe from the evidence that the assets of the partnership were more than sufficient to pay its indebtedness at the time of the attachment, and at the time the attached property was replieved, the right and control of the partners over the partnership asset existed as much in one partner as the other.

(2) The court instructs the jury that the law does not lightly impute fraud to any person, but it must be plainly proven.

(3) Unless you believe from the evidence that one of the grounds of the attachment existed as alleged in the affidavit at the time the attachment was issued, then the distribution of any property after the attachment was issued cannot be considered by you, and you will find for defendant.

G. B. WALKER, for appellant.   R. F. HOOTEN, for appellee.

GARDNER, J.— (1) While there may be some irregularity in respect to the assignments of error and other matters in regard to the appeal, we are persuaded that, giving to our rules a liberal construction, there has been a substantial compliance with their terms in this case, and we therefore decline to dismiss the appeal. —*Ogburn-Griffin Co. v. Orient Ins. Co.*, 188 Ala. 218, 66 South. 434.

Attachment was issued and levied in this cause upon the property of the defendants, the grounds thereof being a fraudulent disposition of their property, or that defendants were about to fraudulently dispose of their property or remove the same from the state.

(2) The plea in abatement put in issue these grounds of attachment. Some of the objections to the evidence, constituting several assignments of error, take the point that proof of any disposition of the property by defendants after the levy of the attachment was inadmissible, although such disposition followed closely after the attachment and may have tended to throw some light upon the question of fraud.

One of the contentions of the plaintiff in the court below was that J. H. Jackson (appellant here), one of the defendants and a partner of the firm against which the attachment was issued, was making a fraudulent disposition of the property at the time the attachment was sued out, and that he sold some of the property to his brother-in-law after the same had been levied.

The following quotation from the case of *Snodgrass v. Bank of Decatur*, 25 Ala. 161, 60 Am. Dec. 505, has found frequent reference in our subsequent decisions: "As a general rule, great latitude is allowed in the range of the evidence, when the question of fraud is involved. It is indispensable to truth and justice that it should be so; for it is hardly ever possible to prove fraud, except by a comprehensive and comparative view of the actions of the party to whom the fraud is imputed, and his relative position a reasonable time before, at, and a reasonable time after, the time at which the act of fraud is alleged to have been committed. No more precise general rule can be laid down in such cases."

And as said in *Nelms v. Steiner Bros.*, 113 Ala. 562, 22 South. 435, speaking to the same subject: "It is the bearing, not the

independent force of the particular fact or circumstance, upon which its relevancy depends."

See, also, *Hall v. Santangelo,* 178 Ala. 447, 60 South. 168.

We do not treat in detail the several questions presented on the evidence. Suffice it to say, they have been carefully considered, and no reversible error shown.

Fraud was one of the most material issues involved in the trial of the cause, on the plea in abatement, and we are persuaded that the testimony offered comes within the principle of the cases above cited.

(3-5) The refusal of charges 1, 2, and 3 is also assigned as error. Charge 1 was argumentative and misleading and properly refused. Charge 2 was properly refused as requiring too high a degree of proof of fraud. We are of the opinion that the misleading tendency of charge 3 also justified its refusal. It was calculated to confuse the mind of the jury and to create the impression that they were not authorized to consider the evidence as to the disposition of the property by defendant, after the attachment was issued, in determining the question of fraud.

We find no reversible error in the record, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.