(80 South. 140)

RIDDLE v. BATSON, Sheriff, et al.

(6 Div. 426.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. SHERIFFS AND CONSTABLES ⬤➾138(1) — WRONGFUL LEVY—BURDEN OF PROOF.

Where a sheriff levied on property in the hands of plaintiff under an execution issued against another, the burden of proving title to the property was on the plaintiff, in an action against the sheriff for wrongful levy.

2. FRAUD ⬤➾52—EVIDENCE.

In cases involving fraud, great latitude should be allowed in production of evidence, and every circumstance tending to establish the fraud is permissible in behalf of party seeking to establish it, including relations, conduct, and transactions had between the parties during period covered by charge.

3. SHERIFFS AND CONSTABLES ⬤➾138(2)—ACTIONS FOR WRONGFUL LEVY—FRAUD—EVIDENCE.

In a suit against a sheriff for wrongful levy on cattle in the hands of plaintiff who claimed to have purchased the same from the judgment debtor, the sheriff, alleging fraud, could show how much money the plaintiff had to invest in the cattle business at the time, and could inquire, on cross-examination of plaintiff, where he kept his money, and as to how many carloads of cattle he purchased, where he sold them, and who he sold them to, how the checks were made payable, who the checks were carried to, who indorsed the checks, and in fact every circumstance or condition in any way tending to connect the plaintiff with the defendant in execution.

4. EVIDENCE ⬤➾107—FINANCIAL STANDING—PROOF.

A question, "What was his standing down there with reference to paying his debts, whether he can borrow money and pay his debts?" was not a proper question to prove the general financial standing of the party referred to in his neighborhood.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit by H. C. Riddle against T. J. Batson, as Sheriff, and the American Surety Company. Verdict and judgment for defendants, and plaintiff appeals. Affirmed.

Charges 5 and 2 referred to in the opinion as refused to plaintiff are as follows:

(5) The court charges the jury that if you are reasonably satisfied from the evidence that the levy was caused to have been made wantonly or maliciously, or from circumstances of aggravation, you may, in your discretion, award punitive damages to the plaintiff.

(2) If you are reasonably satisfied from the evidence that plaintiff is entitled to recover, and that the property levied on has fluctuated in value since the time of the conversion thereof, and the trial of this cause, the jury was authorized to award plaintiff the highest value that is shown to have existed at any time between the conversion and the time of the trial.

This was a suit for damages against the defendant as sheriff, etc., and his bondsman, for the wrongful levy on and sale by him of certain personal property under an execution issued out of the circuit court of Coosa county against W. M. Cousins, and in favor of the Nolan Bank.

Frank S. White & Sons, of Birmingham, for appellant.

Burgin & Brown, of Birmingham, and Riddle & Riddle, of Talladega, for appellees.

SAMFORD, J. [1, 2] The principal question involved in this case is the refusal of the trial court to give the general charge as requested in writing by the plaintiff, and this action of the court turned on the question as to who was the owner of the property levied on. It is insisted by the defendant that the plaintiff in the purchase of the cow levied on was but the alter ego of W. M. Cousins, the defendant in execution, and that the plaintiff was practicing a fraud in undertaking to hide out the property of Cousins. The burden of proving title to the property was on the plaintiff, and while the plaintiff testified that the property was his own, yet in cases involving fraud great latitude should be allowed in the production of evidence, as fraud is rarely ever susceptible of direct proof, and its establishment usually depends on circumstantial evidence. Therefore every circumstance tending to establish the fraud is permissible in evidence in behalf of the party seeking to establish it, including relations, conduct, and transactions had between the parties during the period covered by the charge. Snodgrass v. Branch Bank of Decatur, 25 Ala. 161, 60 Am. Dec. 505; Long-Lewis Hdw. Co. v. Ewing, 8 Ala. App. 662, 62 South. 341; Mann v. Darden, 171 Ala. 146, 54 South. 504; Hall v. Santangelo, 178 Ala. 447, 60 South. 168.

Bearing in mind the foregoing principles, we have carefully examined the evidence in this case, and are of the opinion that the plaintiff was not entitled to the general affirmative charge as requested by him, and

that the question was properly submitted to the jury.

[3] As tending to prove the conditions surrounding the parties and their relationship, it was proper for the defendant to prove how much money the plaintiff had to invest in the cattle business at the time covered by the purchase of the cattle involved in this suit, and to inquire, on cross-examination, where he kept his money, and as to how many carloads of cattle he purchased, where he sold them, who he sold them to, how the checks were made payable, who the checks were carried to, who indorsed the checks, and in fact every circumstance or condition in any way tending to connect the plaintiff with W. M. Cousins, the defendant in execution.

[4] The court did not err in sustaining the objection of defendant to the question, "What was his standing down there with reference to paying his debts, whether he can borrow money and pay his debts?" While, under the facts in this case, the question of his financial standing in his community might have been relevant as tending to rebut the contention of his inability to engage in the cattle business, the question as asked was not the proper way to prove the general financial standing of the plaintiff in his neighborhood.

The other rulings of the court on the evidence were without error.

The court did not err in refusing charges 5 and 2, as requested by the plaintiff.

Under the facts in this case, as disclosed by the record, the measure of damages is the value of the property at the time of the conversion, with the interest thereon to the date of trial. Alley v. Daniel, 75 Ala. 403; Boutwell et al. v. Parker & Co., 124 Ala. 341, 27 South. 309; Henderson v. Holland, 1 Ala. App. 404, 55 South. 323.

We find no error in the record, and the judgment is affirmed.

Affirmed.