114 So.2d 560

**Paul M. CALDWELL et al.**

v.

**D. CAFFEY et al.**

3 Div. 836.

Supreme Court of Alabama.

Sept. 17, 1959.

Knabe & Nachman, Montgomery, for appellants.

D. W. Crosland, Montgomery, for appellees.

SIMPSON, Justice.

This is an appeal from a final decree denying relief to appellants Caldwell and Malone, holding that Caldwell was not the owner and Malone was not entitled to the possession, as tenant, of certain real property in the city of Montgomery.

Briefly, this is the case: Appellant Caldwell acquired the property in question by deed on March 5, 1951 through Caffey Realty Co. and mortgaged it on the same date to All-States Life Ins. Co. The loan was guaranteed by the Veterans Administration. Caldwell employed appellee Caffey as agent to rent it and it was rented to appellant Joel Malone. Caffey collected the monthly rentals from Malone and paid them, less his commission, to Caldwell through September. Caldwell never made any payments on the mortgage to All-States, but in September decided to move from the state. The servicing agent of the mortgagee notified Caffey and Caffey testified he notified Caldwell that the mortgage was not being kept current. Caffey testified that he offered to buy Caldwell's equity in the property inasmuch as Caldwell was moving from the state, and that Caldwell agreed to this, Caffey paying him $250 in cash and paying up the delinquent payments to All-States on the mortgage. Caldwell then executed to Caffey a deed to the property, September 12, 1951. Caldwell testified that this was not the full agreement but that Caffey agreed to have him relieved altogether from the V. A. mortgage so that he could procure another loan in Detroit; that in 1953 when he applied for a V. A. loan in Detroit to buy a piece of property there, he was told that he was ineligible because of the Montgomery transaction, but at that time he did not contact Caffey or do anything about the matter. Even as late as November, 1956, when he received a letter from the Montgomery V. A. informing him of this status, he failed to take action. On August 3, 1957 Caffey recorded his deed from Caldwell and conveyed the property to Lee Esther Worthy and about the same time Caffey, as agent for Worthy, wrote a letter to appellant Malone notifying him to vacate the premises. Malone refused to move out and on October 17, 1957 Caffey, as agent for Lee Esther Worthy, commenced unlawful detainer proceedings against Malone in the Court of Common Pleas in Montgomery, Alabama.

On October 31, 1957 Caldwell filed a bill in equity in the Circuit Court of Montgomery County to vacate and set aside his deed to Caffey on the ground of the claimed fraud that he deeded the property to Caffey on the promise and with the understanding that Caffey would relieve him from the V. A. mortgage he had made in Montgomery, so as to make himself available for another loan in Detroit. Herein lies the conflict in the evidence.

The Court of Common Pleas rendered a judgment against Malone in the unlawful detainer proceedings and Malone appealed to the Circuit Court, giving a supersedeas

bond as provided by the statute, Code 1940, Tit. 7, § 792 et seq. The Circuit Court then, on motion of appellants, transferred the unlawful detainer case to the equity side of the docket and consolidated the proceeding with the bill filed by Caldwell to set aside the conveyance from Caldwell to Caffey. This appeal is from a final decree of the Circuit Court in Equity where relief was denied the appellants, holding that the deed from Caffey to Caldwell was obtained without fraud and that the deed from Caffey to Worthy was valid and in full force and effect. The decree further ordered Malone to deliver up the property to Worthy, giving him, Worthy, full and quiet possession of the premises before a date set and awarding to Caffey and Worthy damages of $460, of which $210 was six months rental value of the premises at the rate of $35 per month (the period from the time of the institution of the unlawful detainer proceeding during which Malone held possession of the property without payment of rent) and $250 as a fee for the appellees' attorney. The appellants took this appeal from that decree, also giving a supersedeas bond.

It is first argued that error prevailed in the finding of the trial court that:

"* * * the Complainant, Caldwell, has not carried the burden of establishing to the reasonable satisfaction of the Court the essential allegations of his bill, * * * that the deed executed by him to D. Caffey on September 12, 1951, was obtained under a mistake of fact and on the basis of fraudulent representations claimed to have been made by the said D. Caffey. The testimony does not sustain the charge of fraud."

The contention of the appellants is that the court misconceived the burden of proof under the general principle that where a principal seeks to set aside an alleged conveyance of his real property to an admitted agent, the burden of showing that the transaction was fair is upon the agent and not on the principal to show that the transaction was unfair. Webb v. Webb, 250 Ala. 194, 33 So.2d 909; Myers v. Ellison, 249 Ala. 367, 31 So.2d 353; Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19 So.2d 538.

■ The argument of appellees to the contrary is that the facts in the instant case are not controlled by the foregoing general principle, because Caffey was a special agent only, employed to collect the rents and nothing else, and any activity outside of this limited agency was not governed by this general principle, and that, therefore, the general rule with respect to the burden of proof of fraud does not obtain, but to the contrary the following rule applies, to wit: An agent employed for a specific purpose is a special agent and the fiduciary relationship of principal and agent applies only to the acts within the agreement. This is the correct rule of law. Southern States Fire Ins. Co. of Birmingham v. Kronenberg, 199 Ala. 164, 74 So. 63; 2 C.J.S. Agency § 3, p. 1036; Douglass v. Lougee, 147 Iowa 406, 123 N.W. 967(2, 3); Dickey v. Volker, 321 Mo. 235, 11 S.W.2d 278, 62 A.L.R. 858(10); Nye v. Lovelace, D.C.S.D.Ala., 125 F.Supp. 849(4, 5); Ghiz v. Savas, 134 W.Va. 550, 60 S.E.2d 290(10).

■ We are unable to pronounce error in the foregoing ruling of the trial court. In the first place, without undertaking any abstruse deductions relative to the varying decisions with respect to the burden of proof in the application of the two stated principles, we are convinced that Caffey was a special agent to collect the rent alone and whatever his conduct in buying Caldwell's equity, his actions were outside of the scope of the agency, thereby casting the burden of proof upon the appellants to prove the claimed fraud. Cooke v. Wilbanks, 223 Ala. 312, 135 So. 435, 83 A.L.R. 1441; McCollum v. Burton, 220 Ala. 629, 127 So. 224; Allen v. Overton, 208 Ala. 504, 94 So. 477.

■ Moreover, even if the rule contended for by the appellants should be ap-

plicable, the evidence, as we view it, concludes rather strongly that Caffey committed no fraud, and as testified to by him and his witness, he was merely buying Caldwell's equity in the property since Caldwell had forfeited in his payments on the mortgage and was moving to Detroit.

Furthermore, a careful study of the record will convince the impartial mind that Caldwell by failing to take any action in the case for some four years after knowledge of the situation, must be ruled to have ratified whatever Caffey had done in the premises. Clay v. Cummins, 201 Ala. 34, 77 So. 328; Eastern Bank of Alabama v. Taylor, 41 Ala. 93; Charles v. Dubose, 29 Ala. 367.

It is also argued that the decree was erroneous in allowing damages to appellees for the rent accrued during the litigation and attorney's fee in the Circuit Court. Appellant Malone gave the statutory supersedeas bond in favor of D. Caffey, d/b/a Caffey Realty Co., as agent for Lee Esther Worthy (not D. Caffey, individually) and Lee Esther Worthy on appealing the unlawful detainer suit to the Circuit Court. It was within the prerogative of the Circuit Court, therefore, to award damages against Malone and his sureties for the reasonable rental value of the property during the unlawful detention and such other recoverable damages as may have been properly proved. We think the award here was reasonable and affirm the holding with the following modifications:

(1) Conceding without deciding that the supersedeas bond given by appellant Malone to perfect the appeal or transfer of the ouster proceeding from the Court of Common Pleas to the Circuit Court was conditioned to cover the landlord's attorney's fee, there was no pleading or evidence which would sustain such a finding and the decree will be modified, striking therefrom this part of the award of damages.

(2) Caldwell was not on Malone's supersedeas bond where he appealed the unlawful detainer suit to the Circuit Court and, therefore, no award against him could be made for the unlawful detention during the pendency of the litigation in the Circuit Court.

(3) The supersedeas bond to the Circuit Court was made in favor of D. Caffey, d/b/a Caffey Realty Co., as agent for Lee Esther Worthy, and Lee Esther Worthy. The awarding of damages, therefore, in favor of D. Caffey individually was erroneous and the decree should be modified to show the award of damages to be in favor of D. Caffey, d/b/a Caffey Realty Co., as agent for Lee Esther Worthy, and Lee Esther Worthy.

With the foregoing modifications the decree will be ordered affirmed.

Appellant contends that there was no evidence of the reasonable value of the rent, but we must disagree. The uncontroverted proof was that Malone was and had been for some time paying $35 per month rent without complaint and still wanted to remain on the premises, presumably at the same rent. This was sufficient evidence to sustain the court's finding of $35 per month rent during the unlawful detention.

One final observation. On appeal to this court appellants entered into a supersedeas bond conditioned to pay the "judgment" of the lower court and "such costs and damages as any party agreed [aggrieved] may sustain by reason of the wrongful appeal and suspension of the judgment in said cause". Appellee Worthy, therefore, is entitled to the reasonable value of the rental of the property from the date of the judgment in the Circuit Court to the date of the surrender of the premises to him. It, therefore, becomes our duty either to enter a judgment here for said rent or remand it to the Circuit Court for that purpose. Glenn v. Nixon, 248 Ala. 569, 28 So.2d 718. The cause

will, therefore, be remanded to the Circuit Court for ascertainment of the reasonable value of the rental during the stated period and render a decree accordingly.

The decree will be modified as noticed above, and as modified will be affirmed, but the cause is remanded to the lower court for execution of the decree.

Modified and affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN, and MERRILL, JJ., concur.