This is an appeal from a summary judgment granted against J. and Helen Gurley, plaintiffs, and in favor of the Bank of Huntsville and its president, individually, defendants.
The Gurleys entered into an agreement with one David Dishman for the sale by the Gurleys to Dishman of stock in Cathedral Caverns, Inc. As a part of the agreement, Dishman, as purchaser, deposited $20,000 in an escrow account with the Bank of Huntsville on February 23, 1974. The escrow agreement between Dishman, the Gurleys and the Bank directed the Bank to hold the funds until the stock transfer was consummated and a promissory note tendered by Dishman to the Gurleys in the amount of $180,000, the balance of the purchase price. If Dishman failed to make such tender by May 20, 1974, the Bank was to pay the $20,000 to the Gurleys as liquidated damages. On May 2, 1974, Dishman tendered the promissory note and the Bank released the escrow fund to appellants as directed by the agreement.
During the period in which the Bank was acting as escrow agent, Dishman submitted a loan application to the Bank stating his purpose for the request as the improvement and development of the Caverns. The application included an assignment of certain of Dishman's personal assets as collateral for the loan and the proposal that the money expended on the corporate assets would be in return for a promissory note by the corporation to Dishman which he would assign to the Bank as further collateral. Dishman's loan was approved by the Bank on May 2, 1974, the same day the Bank, as escrow agent, delivered the $20,000 to the Gurleys, and the stock was delivered to Dishman in exchange for the $180,000 note. The Gurleys did not retain any security interest in the stock, but simply delivered it to Dishman in consideration of the $20,000 cash and his note for $180,000.
On October 24, 1974, the Bank entered into a further agreement with Dishman releasing his personal assets as collateral for *Page 45 
the loan of May 2, 1974, and substituting as collateral for that loan the stock transferred to him by the Gurleys. Dishman became delinquent in his payments to the Bank on the May 2, 1974, loan and on August 7, 1975, the Bank foreclosed on the stock. On March 24, 1976, this action was filed by the Gurleys against the Bank, claiming damages and alleging a breach of the Bank's fiduciary duty under the escrow agreement to make a full disclosure to them of all transactions between Dishman and the Bank. The complaint further alleged fraud in the Bank's acquisition of the stock. The Bank filed a motion for summary judgment supported by an affidavit of the president of the Bank, the individual defendant; the agreement between the Gurleys and Dishman; the promissory note of Dishman to the Gurleys; the escrow agreement between the Gurleys, as sellers, Dishman, as purchaser, and the bank as escrow agent; and an affidavit by Dishman's attorney stating that he represented him in a suit brought by the Gurleys on the note; and further stating that the Gurleys claimed no security interest in the stock in that suit, which was still pending. A copy of the suit itself was also attached.
Documents in support of the defendants' motion for summary judgment established that the Bank's role in the Gurley-Dishman transaction was merely the acceptance from Dishman of the $20,000 earnest money to be held until Gurley and Dishman directed the Bank to pay that sum over as down payment on the purchase price of the stock. The Gurleys acknowledged that they received that sum from the Bank on May 2, 1974.
Thereafter, the Bank had no further obligation to either party under the terms of the escrow agreement.
In opposition to this motion, the Gurleys filed counter-affidavits asserting that the Bank was a creditor of Dishman at the time the escrow agreement was entered into and failed to disclose that fact to the Gurleys at the time the Bank agreed to act as escrow agent. They also asserted that the Bank had accepted a loan application from Dishman by the terms of which the loan would ultimately be secured by the stock in Cathedral Caverns, Inc. when it was acquired by him under his agreement with the Gurleys. They asserted that the Bank did not disclose this information to them.
The facts are not disputed. The issue here is whether, under the undisputed facts, the defendants are entitled to summary judgment. They are so entitled if the Gurleys cannot prevail in their suit under any theory cognizable as a matter of law. This issue turns on the duty owed to a principal by an escrow agent. If the escrow agent was not required to disclose to the Gurleys the matter made the basis of their claim, the trial court properly granted its motion for summary judgment.
An escrow agent is generally considered to be the agent of both parties to an escrow agreement. Williams v. NorthsideRealty Associates, Inc., 116 Ga. App. 253, 157 S.E.2d 166
(1967); 30A C.J.S. Escrows § 8, page 985. Such an agent is akin to a special agent and is limited in its liability to the proper performance of those duties and obligations specifically delineated in the escrow agreement for the achievement of a specific goal. The escrow instructions constitute the full measure of the agent's obligations and any other matters which arise in the transaction are collateral to the specific objectives of the escrow agreement. Jones v. First NationalBank of Greensboro, 206 Ala. 203, 89 So. 437 (1921); Blackburnv. McCoy, 1 Cal.App.2d 648, 37 P.2d 153 (1934).
There is no duty to disclose information received by an escrow agent unless such a duty is required by the terms of the agreement. Caldwell v. Caffey, 269 Ala. 543, 114 So.2d 560
(1959); Cunningham v. Security Title Ins. Co., 241 Cal.App.2d 626,50 Cal.Rptr. 724 (1966).
The Gurleys assert that the Bank breached its fiduciary duty to them. But it is uncontradicted that the only obligation undertaken by the Bank was to hold the escrow fund and pay it out to the proper party at the proper time. It is uncontroverted that it performed its undertaking *Page 46 
under the escrow agreement. Its loan agreement with Dishman in no way conflicted with its duty under the escrow agreement. The two transactions were separate and distinct. There is no question that the Bank was free to deal with Dishman in accepting the stock as collateral following the performance of the escrow agreement and the consummation of the stock transfer. No facts were advanced which would support the allegation that the subsequent foreclosure by the Bank of the stock upon Dishman's default on his note constituted a breach of any duty owed the Gurleys.
A summary judgment is properly granted in those cases where there appears no genuine issue of material fact and the trial court's application of the law to the undisputed facts is correct. Fox v. Title Guaranty Abstract Co. of Mobile, Inc., Ala., 337 So.2d 1300 (1976); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). In the instant case, there is no genuine issue of fact, and the Gurleys have shown no legal liability which would require the Bank or its president to bear the burden of their loss. The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.