175 So. 539

## SOVEREIGN CAMP, W. O. W., v. SIRTEN.

### 8 Div. 809.

Supreme Court of Alabama.

June 24, 1937.

J. D. Brown and Lynne & Patton, all of Athens, for appellant.

J. G. Rankin and Thos. S. Woodroof, both of Athens, for appellee.

KNIGHT, Justice.

The plaintiff, appellee here, sued the appellant upon a fraternal benefit certificate issued to Robert L. Sirten on March 30, 1935, in which appellee was named as the beneficiary. The complaint was in Code form.

The defendant filed 25 pleas, but plea 22, which was a plea of non est factum, was thereafter withdrawn by the defendant.

These pleas of defendant set up in different ways breaches of warranty, fraud and deceit; that insured was suffering from a disease at the time of the application and at the time of the delivery of the policy which increased the risk of loss; that he knew he was suffering from such disease at the time he made the application; that the insured warranted, both in the application and in the written acceptance of the policy that he was in good health and had not suffered from any disease for a period of years prior to making the application, and prior to the delivery of the policy; that appellant had relied upon said representation and warranties in issuing said policy; and that such representations and warranties were false, in that the insured was suffering from a disease, or diseases known to insured at the time; and that such disease or diseases increased the risk of loss, or were made with the actual intent to deceive.

The only questions here argued for reversal are with respect to the refusal of the court to give certain written charges, including the general charge, requested by the defendant, and to a part of the oral charge of the court.

At the time the certificate of insurance was delivered to the insured, he signed and delivered to appellant the following written acceptance of the policy: "I have read the above certificate No. W–1263846–L of the Sovereign Camp of the Woodmen of the World, and the conditions named therein, and hereby agree to and accept the same as a member of Camp No. 1390, State of Alabama, this 30th day of May, 1935, and warrant that I am in good standing at this time and have not been sick or injured since the date of my application and all requirements of the Constitution, Laws and By-laws of this association, a copy of which I have received, have been complied with."

It is unquestionably true that by section 8452 of the Code, the certificate, the charter or articles of incorporation, the constitution and laws of the appellant society, the application for membership and medical examination signed by the applicant, and all amendments of the constitution and laws, not detrimental to the member or his status, or to which he may have expressly assented, constitute the contract between the parties. Beason v. Sovereign Camp, W. O. W., 208 Ala. 276, 94 So. 123; Sovereign Camp, W. O. W. v. Brownrigg, 231 Ala. 162, 163 So. 786.

In his application for insurance, the insured, among other matters, represented to the insurer that he had not been sick, except as stated in his application; that he was then of sound bodily health; and that he had no injury or disease that "will" tend to shorten his life. This certificate, with its representations and warranties, became a part of the policy contract.

Attached to and made a part of the certificate of insurance were questions to and answers of the insured. We excerpt the following:

"6. Have you ever been under observation, care, or treatment of any hospital, sanatorium, asylum, or similar institution? Ans. No.

"7. Have you within the last five years suffered any mental or bodily disease or infirmity? Ans. No.

"8. Have you within the last five years consulted or been attended by a physician for any disease or injury or undergone any surgical operation? Ans. No.

"9. Have you had in the last ten years any disease or injury other than those above mentioned? Ans. No.

"11. Are you now in good health? Ans. Yes.

"12. Are you deaf * * * or have you had any serious personal injury, or lost a limb or undergone a surgical operation? Ans. No."

■ It is first insisted that the appellant was entitled to the general affirmative charge, and that the court committed error in refusing this charge, which was duly requested in writing by it. Whether the appellant was entitled to this charge, of course, depends upon whether the evidence, considering it all, sustained one or more of defendant's special pleas to the point that there was no conflict in the evidence as to the truth of such plea or pleas.

The evidence does show that the insured, either at the time he applied for the insurance, or at the time the policy was delivered, was suffering from a malady known to medical science as a fistula-in-ano, which is an ulcer in or around or pertaining to the anus. But the evidence as to whether a fistula-in-ano, in and of itself, would tend to shorten life, and thereby to increase the risk of loss, was such as to make this question one for the jury.

■ Good health as employed in the policy contract must be understood to mean that, at the time of making the representations or warranty, he was " 'free from disease or ailment that affected the general soundness of healthfulness of his system.' He must be 'free from serious disease, or * * * derangement of important organic functions,' but it does not require that he shall be free from every slight or temporary indisposition. Massachusetts Mut. L. Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; Sov. Camp, W. O. W. v. Rowe [225 Ala. 336, 143 So. 171]. 'It must appear that the sickness was one having a tendency to shorten life or permanently impair health or that it amounted to a vice in the constitution.' " Sov. Camp, W. O. W. v. Harris, 228 Ala. 417, 153 So. 870.

■ It is to be conceded that some diseases are of such character, and are usually so fatal, that the courts will declare, as a matter of law, that one affected with one of such diseases is not of good health (Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540), but fistula-in-ano is not one of such diseases.

■ The plaintiff made out a prima facie case for recovery on the policy, and the burden, of course, was on the defendant to establish by proof one or more of its special pleas.

■ The evidence relied upon by the defendant to establish its special pleas or some one of them, was not without conflict. And hence it was not due the general charge.

Appellant is in error in his contention or insistence that the case, on the facts, is "strikingly similar to the case of Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16." There is little or no similarity between the two cases on the facts.

■ The exception reserved to a portion of the court's oral charge, even if meritorious when reserved, was rendered functus officio by the court's subsequent modification of the charge, by the addition of the words: "Unless such disease increased the risk of loss to the association." The exception was based specifically upon the failure of the court to add those words to the excepted portion of the oral charge. At all events, after the charge was thus changed, no other exception was reserved by the defendant.

■ The court will not be put in error for refusing defendant's written charges 4 and 7 for the use of the word "believed," instead of "reasonably satisfied." Pittman v. Calhoun, 231 Ala. 460, 165 So. 391.

■ Unnumbered charges made the bases of defendant's assignments of error 5 and 6, and which for convenience we have lettered A and B, were substantially covered by defendant's given charges 6 and 9, and hence their refusal was justified. Mobile Light & Railroad Co. v. Nicholas, 232 Ala. 213, 167 So. 298.

Apart from the misleading tendency of defendant's refused charge 12, the principle of law attempted to be stated therein was fully stated in defendant's given charge 9.

The foregoing treats all matters here argued by appellant, and finding no error in the record, the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.