108 So.2d 148

**STATE of Alabama**

v.

**J. C. FARABEE et ux.**

7 Div. 390.

Supreme Court of Alabama.

Jan. 8, 1959.

438

Ollie W. Nabors, Jack W. Torbert and Clarence Simmons, Jr., Gadsden, for appellees.

John Patterson, Atty. Gen., and E. L. Roberts, Sp. Asst. Atty. Gen., for appellant.

SIMPSON, Justice.

This is an appeal by the State of Alabama from a final order of condemnation of land for the construction of a highway extending through the City of Gadsden in Etowah County.

The right of petitioner to condemn the property was conceded. The only question was that of compensation for the land taken and the severance damages to the land remaining. A final decree of condemnation was entered in the Probate Court of Etowah County after due proceedings in that court. From this final decree the defendants appealed to the Circuit Court of Etowah County, where a trial de novo before a jury was had. A verdict and judgment was entered for the defendants in the sum of $4,200 as just compensation. A motion for a new trial was denied. From this verdict and judgment this appeal is taken by the State.

■ As pointed out by the appellee, appellant's brief has not complied fully with the standards required by Supreme Court Rule 9, Tit. 7, Appendix (Pocket Part), Code 1940. A concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript did not appear under the heading, "Statement of the Case". Only two general propositions of law were set out to sustain the seven assignments of error presented on appeal. And only one case was cited in appellant's argument, which seemed to argue several assignments together. Nevertheless, we will exercise our discretion and give consideration to the points argued. Wood v. Wood, 263 Ala. 384, 82 So.2d 556.

■ Assignments of Error numbered 2 and 6 are not argued and are therefore waived. Supreme Court Rule 9, supra.

■ Both parties to this appeal have treated Assignments of Error numbered 1 and 7 as the same, and we will so treat them. Appellant contends that the verdict and judgment of $4,200 is grossly excessive and that "it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof". See Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773. The principle is settled that the verdict must stand, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury and when the presiding judge refuses to grant the new trial, a favorable presumption attending the correctness of the verdict is thereby strengthened. State v. Carter, 267 Ala. 347, 101 So.2d 550; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; Thornton v. City of Birmingham, supra; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

The land involved consisted of Lots 7, 8, 9, 10, 11, 12, 34, 35, 36, 37, 38, and 39, in Block 4 of the T. R. Raley Second Addition, East Gadsden, Etowah County, Alabama. This property was residential area, and a school and church were located in the near vicinity. A registered land surveyor testified that a contract had been let for a sewerage project that would serve Block 4 of the T. R. Raley Addition. Another witness, who it was shown had been in the real estate business for about twelve years, had bought and sold property in East Gadsden and in the vicinity of the T. R. Raley Second Addition, and was familiar with the appellees' property, testified that, in his opinion, all of the lots in question would have a reasonable total value of $5,400 and that the portion of land remaining after the taking would have a value of approximately $300. Still another witness, who had been in the real estate business ten years, testified that in his opinion, the full value of all the property would be $5,400 without considering the land remaining and the land remaining would be worth $150 to $200. The evidence as to values, therefore, was conflicting and a strict jury question was presented.

It is noted that the jury was allowed to view the property condemned and "A view of the premises and their surroundings and considering the prospects of a sanitary sewerage system available without cost of construction chargeable to the adjoining property owners, all serve to add to the value of the verdict of the jury". State v. Carter, supra [267 Ala. 347, 101 So. 2d 553].

■ We have allowed all reasonable presumption of the correctness of the verdict, and the evidence against the verdict is not so decided as to clearly convince the Court that it is wrong and unjust. Under such circumstances we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial judge as to supersede their view of the matter and substitute our own for theirs. Thornton v. City of Birmingham, supra.

■■ Appellant contends that the lower court erred in sustaining objection to the following question:

"Do you know whether or not one of those fifty foot lots is for sale over there now, or not?"

A direct answer to the question would not have shed light on the value of lots in an adjoining block, and it is hard to see how appellant was prejudiced by his inability to obtain an answer to such question. Appellant made no offer as to what he expected the evidence to show, and we can only presume that it was intended to show the value of a nearby lot by eliciting testimony as to offers of purchase. This would not be admissible. See Thornton v. City of Birmingham, supra; Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; Tennessee Coal, Iron & R. Co. v. State, 141 Ala. 103, 37 So. 433.

■ Appellant also urges error in the ruling of the lower court in overruling objection and motion to exclude the answer to the following question posed during cross-examination:

"Do you know whether or not Calvary Baptist Church has been added to since 1955?"

On cross-examination it is proper to establish whether or not an expert witness in a condemnation proceeding is familiar with the property in relation to the surrounding area on the date of the condemnation. With this in mind, and realizing that the range of cross-examination rests largely in the trial court's discretion and that its ruling thereon will not be revised unless prejudicial error clearly appears, we can not pronounce error to reverse in this ruling. Howell v. Greyhound Corp., 257 Ala. 492, 59 So.2d 587; Davis v. Radney, 251 Ala. 629, 38 So.2d 867; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186.

■ Appellant also argues that error was committed when the trial court overruled the objection to the following question propounded to a witness for the State on cross-examination:

"Well now, with the fact that the City of Gadsden has let a contract for a sewer line, to put a sewer along these streets, between December of 1955 and December of 1956, wouldn't you say that that also enhanced the value of that property, or would it not?"

Appellant argues that the evidence sought to be elicited by this question would shed no light on the question of value, since all municipal assessments are paid for by abutting property owners. From aught that appears, the method used by the City of Gadsden does not require sewer assessments on property owners for the installation of sewer outfalls and mains. We will not attempt to resolve this conflict over an issue which is outside the record.

The case of State v. Carter, supra, presented the same problem in a different form in a related case growing out of the same condemnation proceedings, which case, incidentally, recently came to this Court on appeal from the same circuit court involving the same attorneys. Since what was said by this Court in that case is determi-

native of the instant question, we quote the applicable part therefrom:

"The fourth assignment of error relates to an exception taken by appellant to a portion of the oral charge to the jury, as follows: 'You may take into consideration the effect of proposed improvements, that is your sewerage, would have on the market value of that property'. This refers to a system of sanitary sewerage proposed to be constructed by the City of Gadsden, which will serve the lots sought to be condemned. There is no mention made of charging the cost of the system to the adjoining property owners, including the lots here in question. We shall presume that it is not proposed to be so charged.

" * * * The portion to which exception was taken did not fix a time when the value should be determined. It merely meant that the jury was justified in considering the status of the sewerage project insofar as it affected the value of the property. We think that it was not error to instruct the jury to consider any circumstances which affected the value of the property. See Alabama Central R. Co. v. Musgrove, 169 Ala. 424, (3), 53 So. 1009. We do not see reversible error in thus charging the jury."

We find no error to reverse.

But, although not raised, we must take note of the feature of the judgment which the court had no power to render. The judgment should be modified by order of this Court so that it will provide that condemnation shall be effective upon payment of $4,200, less $3,600 already paid, and the payment of the costs of this cause into the Circuit Court of Etowah County for distribution as required by law. State v. Carter, supra.

Modified and affirmed.

LAWSON, GOODWIN and COLEMAN, JJ., concur.