290 So.2d 643

**James T. NORRIS**

v.

**Homer PRESLEY et al.**

SC 515.

Supreme Court of Alabama.

Feb. 21, 1974.

Tipler, Fuller & Barnes, Andalusia, for appellant.

**156**

Powell & Sikes, Andalusia, for appellees Homer Presley and Hollis Presley, individually and d/b/a Presley Timber Co.

HEFLIN, Chief Justice.

This is an appeal from a judgment entered by the Circuit Court of Covington County. The appellant-plaintiff Norris sought recovery in a negligence action against the appellees-defendants for injuries received when the car he was driving struck the rear-end of a pulpwood truck parked partially on the roadway. The trial was before a jury which returned a verdict for the appellees-defendants. After judgment was entered, the appellant-plaintiff filed a motion for a new trial which, after a hearing, was overruled. Hence the appeal.

The facts giving rise to this appeal are not complex. On January 4, 1972, the plaintiff was driving his automobile on Highway 20 south of Opp, Alabama at a speed of about 50 m.p.h. It was dark, and misting rain. Earlier in the afternoon a loaded pulpwood truck operated by defendant Ainsworth was left parked beside the

road after the front left tire had blown out. Ainsworth testified that he pulled the truck off to the side of the road as far as he could without it turning over, but that the back outside tire remained on the pavement about 8–10 inches. He further testified that after he placed reflectors front and rear, he left for the purpose of getting the tire repaired. The investigating officer testified that after the car struck the loaded truck, the left rear tire was 3'4" onto the pavement, and also testified that he saw no reflectors at the scene. As the plaintiff approached the truck he also met another vehicle which had its headlights on. The other driver did not see any reflectors at the scene of the acc.dent. It is stipulated that a juror, Robert H. Boothe is the first cousin of Steve Boothe who is married to the daughter of one of the defendants, Homer Presley. It is further stipulated that Mr. Boothe did not respond to the trial court's question, "Are any of you related by blood or marriage to any of these people [the defendants] that I have mentioned?" Mr. Boothe did acknowledge that he knew all of the parties to the suit in response to another question.

The complaint, as last amended, charges simple negligence and wantonness against defendants Homer and Hollis Presley and their alleged agent, George Ainsworth.

■ The plaintiff made 11 assignments of error; however only assignments 1, 3, 4, 8, 10 and 11 were argued. Those not argued are of course waived, e.g. State v. Farabee, 268 Ala. 437, 108 So.2d 148 (1959). Under assignments 1, 3 and 4 plaintiff argues that the failure of the jury foreman, Robert H. Boothe, to disclose that his first cousin was married to the daughter of defendant Homer Presley was reversible error either because (1) failure to answer truthfully the question about relationship by blood or marriage to any defendant resulted in probable prejudice to the plaintiff in that he was denied information useful in striking a jury, or (2) the

relationship was such that the juror was subject to challenge for cause under Title 30, Section 55, Alabama Code of 1940, as amended (Recompiled 1958), as being related by affinity within the fifth degree.

Under assignment 8, plaintiff argues that the trial court erred in admitting certain testimony of defendant Ainsworth concerning an alleged conversation with the plaintiff in which Ainsworth told plaintiff that he (Ainsworth) was not an employee of Presley Timber Company.

Finally under assignments 10 and 11, the allegation is made that the court erred in refusing two charges requested by the plaintiff which are claimed to state the law of this state with respect to agency.

■ The plaintiff asserts that the "failure of the jury foreman Boothe to disclose the 'relationship' was a failure to truthfully answer or properly respond to the question propounded on voir dire and it resulted in prejudice to the plaintiff." This assertion should be examined in two steps. First, is the juror related "by blood or marriage" to the defendant Homer Presley, and second, was there probable prejudice to the plaintiff?

The legal effect of the court's question was whether any member of the jury was related to any defendant by consanguinity (by blood) or by affinity (by marriage), the relationships recognized by the law as "family relationships". In Duke v. State, 257 Ala. 339, 58 So. 764 (1952) this court followed the rule established in Kirby v. State, 89 Ala. 63, 8 So. 110, (1889) where the court stated:

"'Affinity properly means the tie which arises from marriage betwixt the husband and the blood relatives of the wife, and between the wife and the blood relatives of the husband. *But there is no affinity between the blood relatives of the husband and the blood relatives of the wife.*' The juror Bryant being a

cousin of the step-father of the deceased was related by affinity to the mother of deceased, but bore no relation to deceased himself, and was a competent juror." (Emphasis added)

Thus in the instant case, the marriage between Elaine Presley and Steve Boothe did not cause Homer Presley and Robert Boothe to become related by either blood or marriage. They are not related at all in the eyes of the law. It was not reversible error for the juror to have remained silent in the face of the trial court's inquiry.

This court has held that the question as to whether or not a complaining party was probably prejudiced by a juror's failure to answer properly a question on voir dire is a matter primarily within the discretion of the trial court. In the absence of a showing of an abuse of discretion the ruling of the trial court thereon will not be reversed. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970); Miller [Stewart] v. Samples, 291 Ala. 533, 283 So.2d 424 (1973). The plaintiff strongly urges juror Boothe "could not be and was not impartial" because of the relationship coupled with the fact that both Homer Presley and Boothe resided in the small city of Opp. However, it must be remembered that juror Boothe acknowledged on voir dire examination that he knew the defendant, Homer Presley, as well as all of the parties to the suit. Even if the "relationship" between Boothe and Presley, although not by consanguinity or affinity, was such that the juror should have disclosed it, this court can not say that it was an abuse of discretion for the trial court to overrule the motion for new trial.

Plaintiff's next argument is that the court erred by admitting statements by defendant Ainsworth as to his employment relationship with the Presley brothers. Defendants point out correctly that these statements were admitted not as proof of Ainsworth's agency (or lack of it) but to show that an alleged conversation between plaintiff Norris and defendant Ainsworth took place in which Norris allegedly informed Ainsworth that Norris would not sue Ainsworth if Ainsworth would testify that he was an employee of Presley. See, e.g., Bryson v. State, 38 Ala.App. 517, 84 So.2d 782 (1956). Norris had previously denied in his testimony on cross-examination that such a statement was made by him to Ainsworth.

Plaintiff's last contention is that the trial court erred in refusing the following charges:

"Plaintiff's Requested Charge Three: The Court charges you members of the jury that it is the reserved right of control rather than its actual exercise that is the true test of whether the relation between defendant, George Jackson Ainsworth and defendants, Homer Presley and Hollis Presley, individually and as partners, trading and doing business as Presley Timber Company is that of an independent contractor or of employer and employee." (Tr. p. 205–6).

"Plaintiff's Requested Charge Four: The Court charges you members of the jury that defendant, George Jackson Ainsworth, is an employee or agent of defendants, Homer Presley and Hollis Presley, individually and trading and doing business as Presley Timber Company if they retained the right to direct the manner in which the work was to be done." (Tr. p. 206).

In his oral charge, the trial court charged as follows:

"There being a dispute in the evidence in this case, you will have to determine from the facts whether or not at the time and place mentioned in the complaint, the defendant Ainsworth was an agent of the defendant Presleys. The test that our courts say that should be applied to determine whether or not one is an agent, servant or employee of another, is whether or not the employer, or the person said to be the employer, has

the reserved right of control, that is, the right to tell the other one what to do; not necessarily that he did tell him, but he had the right to tell him at the time and place. And that is the test that our courts have said should be applied to determine whether or not one was an employee, agent or servant of another. So you look to the facts in this case and by your verdict you will determine whether or not the defendant Ainsworth was an agent, servant or employee of the defendant Presleys."

■ The substance of the refused charges is that the real test of agency is the reserved right of control, or right to direct the alleged agent. This rule was amply covered in the oral charge set out above. This court has held on many occasions that refusal of the trial court to give requested charges is not error where the court's oral instructions covered the same principles as the refused charge, e.g. Gilmore Industries, Inc. v. Ridge Instrument Co., 288 Ala. 127, 258 So.2d 55 (1972); Southern Railway Co. v. Reeder, 281 Ala. 458, 204 So.2d 808 (1967).

From the foregoing it would appear that the judgment of the trial court was without error and is thus due to be affirmed.

Affirmed.

MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.

FAULKNER, Justice (concurring specially).

I concur in the result. In my opinion the verdict of the jury was not sustained by the preponderance of the evidence, and the motion for a new trial should have been granted by the trial court. However, on appeal to this court the appellant did not argue in brief or oral argument this point. Under our rules, an assignment of error not argued is deemed waived.