MADDOX, Justice.
Plaintiff, D. L. Martin, Jr., a cotton producer, brought an action on a contract against defendant, Loeb and Company, Inc., a cotton buyer, seeking to recover the difference between the market value and the stated contract price of that portion of plaintiff’s 1973 cotton crop delivered to defendant under protest and with reservation of rights. § 1-207, Title 7A, Code of Alabama 1940 (Recomp.1958). This is the second time this case has been here.
In the first trial, the trial court directed a verdict for the plaintiff. This Court reversed and remanded, holding that “[W]hether there was a custom and usage of trade was a question of fact for the jury to determine, under the present conditions. Cf. Official Comment to U.C.C. § 1-205, and Anderson’s Uniform Commercial Code, § 1-205-6, p. 175.” Loeb and Co., Inc. v. Martin, 295 Ala. 262, 327 So.2d 711 (1976). This case was re-tried and the jury found for the cotton producer. Appellant, cotton buyer, frames the issues as follows:
*12 “1. Where a written memorandum of an agreement for the sale of goods is ambiguous as to the quantity of goods to be delivered under the agreement and the court admits evidence of usage of trade and course of dealing and submits to the jury the question of what the parties intended with reference to the quantity of goods to be delivered under the agreement, is it error for the court to instruct the jury that if it can determine such intention by merely reading the written memorandum of such agreement, it need not consider the evidence of usage of trade and course of dealing?
“2. Where the court instructs the jury, without further explanation, that it should construe a written memorandum of an agreement for the sale of goods against the party who prepared it, is it error for the court to refuse an explanatory instruction requested by the party who prepared the memorandum that such rule of construction is not to be applied if the jury can determine the intention of the parties after considering all of the evidence, including the written memorandum and evidence as to course of dealing, usage of trade and the situation of the parties at the time the agreement was entered into?”
The appellant’s framing of the issues leaves but one legal question: Did the trial court commit prejudicial error while instructing the jury or in failing to give requested instructions? We think not. The refusal of the requested written instruction is governed by Rule 51 of A.R.C.P., which provides, in part:
“ . . . Every oral charge shall be taken down by the court reporter as it is delivered to the jury. The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties . . . .”
We have read the entire charge given by the court in addition to the requested charges and we find no reversible error. Rule 61, A.R.C.P.; Rule 45, A.R.A.P. Also, see Alabama Power Co. v. Mosley, 294 Ala. 394, 318 So.2d 260 (1975).
The facts causing the dispute are substantially set out in this Court’s first opinion of Loeb v. Martin, 295 Ala. 262, 327 So.2d 711 (1976).
When the case was re-tried, the court allowed considerable evidence concerning prior dealings between Loeb and Martin, as well as evidence of custom and usage of the trade. In fact, a reading of the entire record indicates that the parties directed most of their efforts to showing the establishment or nonexistence of a common understanding of the term “All cotton produced on 400 acres.” Loeb introduced the testimony of several witnesses, most having been in the business of buying and dealing with cotton for many years, who testified that in 1973 it was commonly understood that an acre of “skip row” cotton would produce less yield than an acre of “solid” row cotton. Martin rebutted this- evidence with the testimony of numerous local farmers who testified that to their knowledge, an “acre was an acre.” There was some evidence from which the jury could find that the “forward” contract arrangement entered into between Martin and Loeb in 1973 was a relatively new method of selling cotton in North Alabama. Furthermore, the testimony showed that the actual definition of “skip row” patterns and the ultimate yield it produced varied, depending on the number of inches one left between the rows.
At the close of the evidence, the trial judge charged the jury, placing emphasis on the fact that if the contract clearly showed the intent of the parties, then there was no necessity for the jury to consider course of dealing and custom and usage of the trade.
We think it unnecessary to set out at length the court’s oral charge, and the defendant’s requested written charges which were refused. We do point out, however, that after reading the entire record and the facts that were before the court, as well as the judge’s instructions, we are convinced *13 that no prejudicial error is present. The court’s charge allowed the jury to consider all the evidence, including the express terms of the contract, the prior course of dealing and usage of the trade to determine what the parties had agreed upon. In fact, the trial judge read to the jury a charge submitted by Loeb which correctly stated the applicable law and which charge was substantially similar to other requested instructions the trial judge refused to give. Consequently, we find no prejudicial error. Rule 45, A.R.A.P.
The trial judge did not err in charging the jury that a contract should be construed more strongly against the maker. That is the law. Jewell v. Jackson & Whitsitt Co., 294 Ala. 112, 313 So.2d 157 (1975). Therefore, under the facts of this case, the refusal of explanatory charges is not error. Norris v. Presley, 292 Ala. 155, 290 So.2d 643 (1973); Alabama Power Co. v. Mosley, supra.
AFFIRMED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.