PER CURIAM.
The bank appeals from a judgment entered on a jury verdict in favor of Eubanks, who was sued by the bank on a note. We affirm.
The note was executed on May 4,1976, by Thelma Eubanks, Melba Till Allen and Virginia Suggs. According to Miss Eubanks, she met Allen and Suggs at a lecture which they hosted at the Sheraton Motor Inn involving mind reading and psychic fortune telling. After her mind was read and her fortune told, Eubanks, who by her own description is an elderly single lady and an accountant, was approached by Allen and Suggs, and induced to co-sign a promissory note with them by their representations that she would be made a limited partner in “Bapsh Films Ltd.” She was told that Bapsh Films was producing films for distri *194 bution to Catholic schools in Florida, and was also building a huge amusement park in northern Alabama called “Stars over Alabama”; she was promised some accounting business from these various ventures.
Although Allen and Suggs represented that Bapsh Films was to be a valid limited partnership, a limited partnership was never formed in compliance with the statutory requirements. The bank issued a $25,000.00 loan to the so-called partnership and obtained personal financial statements from the three co-signers. Melba Till Allen was at that time Treasurer of the State of Alabama. Proceeds of this and other loans made by the bank to the account of Bapsh Films, Ltd. were used to discharge other financial obligations of Allen and Suggs. In November of 1976, when the first note matured, Miss Eubanks was informed by Mrs. Allen that “the note had been taken care of.” In fact, a renewal note had been executed on November 1, 1976, by Virginia Suggs. The note was renewed three more times by Suggs and Allen. Miss Eubanks was at no time contacted by the bank, or informed that she remained liable on this note. The note was finally “charged off” by the bank on May 12, 1978.
Miss Eubanks’s answer to the complaint filed against her by the bank (default judgments were obtained against Allen and Suggs) alleged that her signature to the note was obtained by fraud and misrepresentation, that she was not the maker of the note, that the maker was Bapsh Films Ltd., that she signed as a limited partner, that the note had been materially altered, and that it had been paid and satisfied by subsequent notes and transactions between the bank and Allen and Suggs.
On appeal, the bank raises only two issues. It argues that the trial court committed reversible error by failing to give written requested instruction # 1, which read: “A failure to comply with the statutory provisions governing the formation of limited partnerships precludes the formation of the firm as a limited partnership and renders the association a general partnership.” The court delivered the instruction, but omitted the underlined part.
We cannot agree with the bank that the failure of the court to give this charge requires reversal. In the first place, the charge is abstract. Secondly, it is not marked “refused.” Additionally, the court covered the point made in the requested charge in its oral charge. The record shows the following from the court’s oral charge:
“A failure to comply with statutory provisions governing the formation of a limited partnership precludes the formation of the limited partnership as a matter of the law. And a partnership creditor can sue any partner-can sue any partner individually for payment of all or part of a general partnership debt. Now, you’re entitled to consider all of those in determining whether or not there was a meeting of the minds and if there was what the meeting of the minds was between these people.”
The court commented on the bank’s requested charge number 1:
“The basis for the Court’s ruling, that, in and of itself, would not. And the Court concluded that this abstract charge would be misleading and confusing to the jury and I went at some length to tell them that they could consider all of the relations between these parties and I felt for me to charge them as a matter of law what the relations of the parties was would have been confusing and unwarranted under the facts of this case.”
We find no error to reverse based upon the refusal of the court to give the bank’s requested instruction numbered one. Gilmore Industries, Inc. v. Ridge Instrument Co., 288 Ala. 127, 258 So.2d 55 (1972).
The bank’s final argument is that the trial court erred in failing to direct a verdict in its favor. Again, we are unpersuaded by the bank’s argument. There was more than a scintilla of evidence on more than one of the defenses raised by Eubanks in this case. Thus, it was not error to allow the jury to pass on those defenses. Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972).
*195 The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.