BRADLEY, Judge.
This is an appeal from an order granting the landowners, Keith Mooney and Terry Mooney, a special exception to a zoning ordinance.
The record reveals that the landowners petitioned the Geraldine Zoning Board of Adjustment (Board) seeking a special exception to ,the local zoning ordinance to allow the construction of a poultry house on their property in a residential district in the Town of Geraldine. This petition was denied and the decision was appealed to the Circuit. Court of DeKalb County, Alabama.
The case was tried before a jury on March 20, 1985, and the issues were found in favor of the landowners. Based on this verdict, the court entered a judgment granting the special exception to allow the construction of a poultry house on the aforementioned property.
On appeal the Board argues that the jury instructions of the trial court were confusing and misleading because they failed to adequately inform the jury of the burden placed on the landowners in order to entitle them to the special exception. We disagree.
The purpose and intent of the zoning ordinance of Geraldine, Alabama are governed by section 1-2 of said ordinance. Special exceptions to the ordinance are found: in section 7-4-3. In the first paragraph of that section, the board of adjustment is directed to grant special exceptions with such conditions and safeguards as are reasonable under the ordinance and to deny *584 special exceptions when not in harmony with the purpose and intent of the ordinance. Subsection (e) of that same section goes on to state that a special exception will not be granted unless the findings of the board of adjustment conclusively establish that it will not adversely affect the public interest.
Citing the aforementioned sections, the Board maintains that in order for a special exception to be granted two tests must be met. They contend that although the trial court properly informed the jury as to the first test, pertaining to the adverse effect on the public interest, it failed to charge on the second test, which requires a finding that the exception if granted be in harmony with the purposes and intent of the zoning ordinance.
In pertinent part the trial court’s instructions to the jury were as follows:
“Because the Plaintiffs seek to have a special exception granted, the burden of proof is upon the Plaintiffs to reasonably satisfy you by the evidence that such special exception will not adversely affect the public interest. Therefore, before a special exception can be granted, you must be reasonably satisfied by the evidence that the special exception will not adversely affect the public interest. On the other hand, if you are reasonably satisfied by the evidence that the special exception is not in harmony with the purposes and intent of the Zoning Ordinance, then the special exception should be denied.”
Later in its charge the court reiterated approximately the same instruction:
“It is for you to decide from the evidence what is the public interest of the Town of Geraldine and it is for you to decide from the evidence, whether the special exception is contrary to that public interest. If you are reasonably satisfied from the evidence that the special exception will not adversely affect the public interest of the Town of Geraldine, then you should grant the special exception. If you are reasonably satisfied by the evidence that the special exception is not in harmony with the purposes and intent of the Zoning Ordinance, then the special exception should be denied.”
The Board acknowledges in brief that the trial court did, in fact, mention the second test, but it says that the court’s instruction fails to clearly link the two tests together. The Board contends that the trial court erred to reversal by refusing to give clarifying instructions clearing up the allegedly confusing instruction.
Granted, the trial court could have instructed the jury that they could grant a special exception only if they were reasonably satisfied from the evidence that the special exception would not adversely affect the public interest and that the special exception is in harmony with the purposes and intent of the zoning ordinance. However, the trial court did not so instruct the jury. But the court did tell the jury that a special exception could not be granted unless the public interest would be served thereby, and that a special exception would have to be denied unless they found that such an exception was in harmony with the purposes and intent of the zoning ordinance. The one sentence followed the other sentence. Consequently, we do not find that the trial court failed to instruct on the two-pronged test, nor do we find that the instruction is so confusing as to be misleading. .
We would also note that the trial court’s instructions included extensive references to the general purposes provision of the ordinance, as well as references to the necessity of complying with the two-pronged test. Where the court’s overall instructions reasonably and adequately covered the area of the law sought to be clarified, the refusal by the court of the requested instruction will not be treated as error. Norris v. Presley, 292 Ala. 155, 290 So.2d 643 (1974). The trial court’s instructions amply and sufficiently covered the requirements of the ordinance and the burdens placed on the landowners. The trial *585 court’s refusal to give a clarifying instruction does not constitute reversible error.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.